UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
Chaim Friedman,

     Plaintiff,

               CIVIL ACTION NO.

 -against-

               12-cv-3452 (FB)(CLP)

Sharinn & Lipshie, P.C.,

     Defendant.
------------------------------------------------X

## AFFIRMATION IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT

 Jacob J. Scheiner, Esq. hereby declares as follows:

 1. I am an attorney with the firm of Fredrick Schulman & Associates, attorney for the Plaintiff Chaim Friedman, and as such, am fully familiar with the facts and circumstances stated herein.

 2. This underlying action was commenced on July 7, 2012 against the Defendant Sharinn & Lipshie, P.C. ("Defendant") due the Defendant's alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which statute provides a prevailing Plaintiff, amongst other things, for statutory damages up to $1,000.00 and attorney fees and costs. A copy of the Complaint is attached hereto as Exhibit "A".

 3. On August 17, 2012 the Defendant was served with a copy of the Summons and Complaint via New York's Secretary of State. A copy of the Affidavit of Service is attached hereto as Exhibit "B".

 4. As stated in the Plaintiff's request for a Certificate of Default, , the time for the Defendant to answer or otherwise move with respect to the Complaint herein has expired, and the Defendant has not answered or otherwise moved with respect to the Complaint. The time for the Defendant to answer or otherwise move with respect to the Complaint has not been extended. The Defendant is not an infant or incompetent person. Additionally, Defendant is not presently in the military service of the United States as appears from the facts in this litigation.

2

FACTUAL CIRCUMSTANCES

5.     On information and belief, on a date better known to the Defendant, began collecting an alleged consumer debt ("Alleged Debt") from the Plaintiff.

6.     On or around March, 2012, Defendant placed at least six (6) telephone calls and left messages for Plaintiff on Plaintiff's answering machine. Some of said calls contained personal and confidential information. Said messages were played and heard by one or more third parties who each had the right and opportunity to play same. Said messages were heard, amongst others, by Plaintiff's daughter, Sosy Friedman. See transcript annexed hereto as Exhibit "C'.

7.     The actions of Defendant led to embarrassment, harassment, and disclosure of confidential information to a third party.

8.     Said actions by Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) which prohibit communicating with anyone except consumer and communicating to a third party, stating that a consumer owes a debt.

9.     As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

ALLEGATIONS IN THE COMPLAINT ARE ESTABLISHED FACTS

10.    On November 14, 2012, Plaintiff applied for a Certificate of Default and it was granted by the Clerk of the Court on November 15, 2012. A copy of the Default Certificate is annexed hereto as Exhibit "D". With the default being entered against the Defendant, all of the allegations in the Complaint are now established facts.

11.    When a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability. Study Logic, LLC. Vs. Clear Net Plus, et al., Index No. No. 11 CV 4343 (E.D.N.Y.) citing *Greyhound ExhibitGroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992), *cert. denied,* 506 U.S. 1080, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993). In the instant matter herein, with the Certificate of Default, the Plaintiff's allegations in the Complaint are

3

now established facts entitling Plaintiff to Judgment against the Defendant for Defendant's violations of the FDCPA.

## STATUTORY DAMAGES UNDER THE FDCPA

12.  Plaintiff has not pled a sum certain in its Complaint and hence, moves this Court for Judgment on its claims, costs and attorney's fees so that this Court may award Judgment.

13.  Plaintiff is entitled to statutory damages of up to $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2). This statute in part states:

    a.    Amount of Damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –

1. Any actual damages sustained by such person as a result of such failure;

2. (A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

   (B)  in the case of a class action, (i) such amount for each named plaintiff as could be recovery under subparagraph (a), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

3. in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

4

  (b)  Factors considered by Court

    In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors –

    (1) In any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

  14. In the instant matter, the Court should award the Plaintiff statutory dames in the amount of $1,000.00. The Defendant has failed and/or refused to defend itself in the instant matter and, as such, all of the material allegations pled by the Plaintiff in the Complaint are now deemed admitted. In light of Defendant's action of committing a violation of the FDCPA and its repeated failures to ensure that its actions/efforts were in compliance with the FDCPA, Plaintiff has been damaged. The Defendant's actions, in violating the FDCPA, as alleged in the Complaint, when deemed admitted are void of any excuse/defense. As such, the Court should award the Plaintiff statutory damages in the maximum amount of $1,000.00 in compensation for Defendant's willful violations of the FDCPA.

  15. Plaintiff is also entitled to the costs and disbursements incurred in the litigation. These include: $350.00 filing fee plus the fees associated with the service of process of, postage and photocopy charges in the total amount of $436.24. In addition pursuant to 15 U.S.C. §1692(k)(a)(3), Plaintiff is also entitled to an award of attorneys fees. Plaintiff has attached an affidavit that describes Plaintiff's counsel's experience and hourly rate and attached a billing statement annexed hereto as Exhibit "E" that was prepared based upon Plaintiff's counsel's review of the relevant file as well as firm's reports/records. The billing statement includes: (a) the date of each task and (b) the time/effort require for each identified task. The total for the attorney's fees is $3,592.00. Accordingly, the Plaintiff moves this Court for a judgment on attorneys' fees and costs in the aggregate sum of $4,028.24.

  16. Now that a Certificate of Default has been entered against the Defendant, all of the allegations in the Complaint are established facts, and, as such the Defendant has violated the FDCPA.

5

Based on the violation of the FDCPA, the Plaintiff is entitled to statutory damages from the Defendant in the maximum sum of $1,000.00 for the Defendant's violation of the FDCPA as alleged in the First Cause of Action, plus attorneys' fees and costs in the amount of $4,028.24.

**WHEREFORE,** the Plaintiff prays that this Court grant the following relief:

A.  Judgment against the Defendant Sharinn & Lipshie, P.C. for statutory damages in the amount of $1,000.00 on the First Cause of Action; plus

B.  Judgment against the Defendant Sharinn & Lipshie, P.C. for attorneys' fees and costs in the amount of $4,028.24; and

C.  Any such other and further relief as the Court deems just and proper.

Dated:  New York, NY
        January 9, 2013

By: */s/ Jacob J. Scheiner, Esq.*
Jacob J. Scheiner (JS5223)
Fredrick Schulman & Associates
30 East 29th Street
New York, NY  10016
Phone:  212-796-6053
Facsimile:  212-951-7379
Email:  jscheiner@fschulmanlaw.com
Attorneys for the Plaintiff

6