EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X    CV 12 - 3452

Chaim Friedman,

                Plaintiff,      Civil Action No.:_____

-against-      BLOCK, J.
      POLLAK, M.J

Sharinn & Lipshie, P.C.,

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

                Defendant.
-------------------------------------------------------X

Plaintiff Chaim Friedman ("Plaintiff" or "Friedman"), by and through his attorneys FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for his Complaint against the Defendant Sharinn & Lipshie, P.C. ("Defendant" or "S&L"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

### PARTIES

2.    Plaintiff is a resident of the State of New York, County of Kings, residing at 210 Middleton Street, Brooklyn, New York 11206.

3.  Upon information and belief, the Defendant is a law firm with a principal place of business at 333 Earl Ovington Boulevard, Uniondale, New York 11553, and is authorized to practice law in the State of New York.

4.  The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

7.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.  Upon information and belief, on a date better known to the Defendant, the Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9.  In or around March, 2012, the Defendant placed at least six (6) telephone calls to the Plaintiff, and left messages for the Plaintiff on the Plaintiff's answering machine.

10. Said messages contained personal and confidential information.

11. Said messages were attempts to collect the Alleged Debt, and they were left on an answering machine which was played and heard by one or more third parties who each had the right and opportunity to play same.

12. Said messages were heard, amongst others, by the Plaintiff's daughter, Sosy Friedman.

13. The actions of the Defendant led to embarrassment, harassment, and disclosure of confidential information to a third party.

14. Said actions by the Defendant violated 15 U.S.C. Sec. 1692b(2) and 15 U.S.C. Sec. 1692c(b) which prohibit communicating with respect to a debt, and stating that a consumer owes a debt.

15. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. Sec. 1692b(2) and 15 U.S.C. Sec. 1692c(b).

18. As a result of the Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

19. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

**WHEREFORE**, the Plaintiff Chaim Friedman demands judgment against the Defendant Sharinn & Lipshie, P.C., as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
July 9, 2012

Respectfully submitted,

By: _____
Samuel A. Ehrenfeld
FREDRICK SCHULMAN & ASSOCIATES
Attorneys for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053
samfeld@hotmail.com